UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAL BADRI, | ) | CASE NO. 1:08CV1913 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| HURON HOSPITAL, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon defendants' motion to dismiss for failure to prosecute. (Doc. No. 26.) In support of their motion, defendants report that plaintiff Rafal Badri (plaintiff) has failed to appear on four separate occasions for his duly noticed deposition. It is undisputed that plaintiff's failure to appear is the result of the fact that he has been living and working in Saudi Arabia.

**Background**

A review of the procedural history in this action illustrates why the Court has grave concerns regarding its continued management of this case. Plaintiff, a Board-certified general surgeon, filed his original action against defendants on February 7, 2006, seeking to reinstate his clinical privileges at defendant Huron Hospital, and to collect damages for alleged unlawful discrimination and interference with contract rights. (Case No. 1:06CV294.) In March 2007, plaintiff moved to Saudi Arabia, and, since November 2007, has been employed there as a general surgeon. Plaintiff maintains that

he sought work in Saudi Arabia to mitigate his damages and to retain his surgical expertise.

On May 18, 2007, this Court ordered plaintiff to show cause as to why he should not be precluded from offering expert testimony in that matter due to his failure to identify any experts or provide expert reports by the Court's deadline. When plaintiff was unable to show cause, the Court entered an order precluding plaintiff from utilizing expert testimony at trial. (Case No. 1:06CV294, Doc. No. 33.) Plaintiff voluntarily dismissed this initial action on August 15, 2007.

A year later, on August 8, 2008, plaintiff re-filed the action. At the Case Management Conference, the Court set dates and deadlines for the management of the case. (Doc. No. 7.) Because plaintiff was still residing in Saudi Arabia, another individual with power of attorney for plaintiff, Debbie Morgan, appeared on his behalf.[1] This was done without prior notice to or permission of the Court.

On April 1, 2009, plaintiff moved for an order extending the discovery deadline set by the Court, due to the fact that he was unable to obtain an exit VISA to return to the United States. In his motion, plaintiff stated, without proof, that he anticipated that he would be able to leave Saudi Arabia by May 1, 2009. Shortly thereafter, on April 6, 2009, defendants filed the present motion to dismiss for failure to prosecute.

---

[1] Recently, it has come to the attention of the Court that Ms. Morgan may be an employee of, or otherwise associated with, plaintiff's counsel's law office. If so, the Court warns plaintiff's counsel against any such further subterfuge.

The day before the scheduled status conference, plaintiff filed a motion to excuse his presence at the conference. The Court ultimately cancelled the status conference, finding that it would have been unproductive to conduct the conference without the benefit of plaintiff's participation. The Court further ordered plaintiff to show cause in writing as to "why he should not be sanctioned, up to and including dismissal of the case, for his failure to appear for deposition or otherwise prosecute this case." (Doc. No. 29, Order, p. 2.) The Court permitted plaintiff to incorporate his response to the Court's Show Cause Order into his response to defendants' motion to dismiss for failure to prosecute.

In his response, plaintiff explained that, as a United States citizen holding residency status in Saudi Arabia, he is "subject to the dictates of his sponsor employer within" Saudi Arabia, as well as the laws of Saudi Arabia. (Doc. No. 32, Plaintiff's Opposition, p. 3.) In an affidavit appended to his opposition brief, plaintiff avers that he is still waiting for the government of Saudi Arabia to issue him an exit VISA, and that his expected return date is "around July, 2009." (Doc. No. 32, Affidavit of Rafal Badri, M.D., F.A.C.S., ¶¶ 4-6.) He also underscores the fact that, even if he had permission to leave the country, such a trip would take several days. (Pl. Opp., p. 3.) As an alternative to appearing in person for his deposition, plaintiff asks the Court to consider the possibility of permitting a telephonic deposition. (*Id.*, p. 12.)

As a result of plaintiff's continued absence from the United States, the case remains in a holding pattern. The Court has been forced to suspend all dates and deadlines set forth in its Case Management Plan and Trial Order while it considers whether this case should be dismissed for failure to prosecute.

3

**Law and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure affords the district courts the authority to dismiss an action for failure to prosecute a case or comply with any order of the court. Fed. R. Civ. P. 41(b). *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999*). See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Such a remedy is available to the district courts to be used as a tool to effectively manage their dockets, and to avoid unnecessary and burdensome delays caused by the dilatory actions of parties or their counsel. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Nonetheless, dismissal is a harsh sanction that should be reserved for "situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005). *See Vinci v. Conrail*, 927 F.2d 287 (6th Cir. 1991).

In conducting a review under Rule 41(b), the Court is guided by consideration of four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu.*, 420 F.3d at 643. *See Wright v. Coca-Cola Bottling Co.*, 41 Fed. App'x 795 (6th Cir. 2002). While no one factor is considered outcome determinative, the factors are applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp.*, 110 F.3d 364, 367 (6th Cir. 1997). *See Schafer*, 529 F.3d at 737.

*Willfulness, Bad Faith, or Fault*

With respect to the first factor, a plaintiff's actions do not rise to the level of willfulness or bad faith unless the conduct displays an "intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu*, 420 F.3d at 643. *See Schafer*, 529 F.3d at 737. Here, plaintiff failed to appear four times for properly noticed depositions. Plaintiff claims that his failure to appear was the result of circumstances beyond his control because he is waiting for the government of Saudi Arabia to issue him an exit VISA. (Badri Aff., ¶¶ 4-5.) In support of his position, he has submitted an unauthenticated email from a physician in Saudi Arabia who states that plaintiff "cannot travel to the USA during the month of May 2009 and possibly early June 2009 due to incomplete official papers." (Doc. No. 32, Ex. 2, pp. 1-2.) Plaintiff fails, however, to show what steps he has taken to correct the problem of the "incomplete official papers," or why he now believes that his return date will be in "early July" when previous predictions have proven unrealistic.

While the Court finds that plaintiff has not acted in bad faith or with the intent to "thwart" these proceedings, the record, nonetheless, shows a willfulness and fault in that plaintiff has not established that he has responsibly taken steps to ensure that he could meet his obligations to litigate the action that he chose to file in this judicial district. This factor weighs in favor of a finding that plaintiff has failed to prosecute the

5

pending lawsuit.[2] *See e.g., Schafer*, 529 F.3d at 739 (finding of willfulness appropriate where plaintiff had made no effort to meet the court's scheduling deadlines).

*Prejudice*

For purposes of the second factor, prejudice, the Sixth Circuit has held that a defendant is prejudiced by a plaintiff's conduct where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368. *See Schafer*, 529 F.3d at 739; *Wu*, 420 F.3d at 644. Defendants note that four times they have had to schedule plaintiff's deposition, only to have it cancelled by plaintiff's counsel. They also suggest that "common sense dictates that a pending potential million dollar liability […] creates prejudice." (Mot., p. 4.) Plaintiff responds by claiming that he was deposed at length in the original action. Plaintiff observes, and defendants do not dispute, that plaintiff has already submitted to more than 19 hours of deposition testimony over several days in the 2006 action. (Opp. brief, p. 2.)

Defendants have failed to demonstrate, or even allege, that they have been forced to "waste" time, money, or effort in repeatedly noticing plaintiff's deposition. Rather, the record shows that plaintiff's counsel provided notice that plaintiff would not be available for each scheduled deposition far enough in advance that defense counsel

---

[2] The Court does note that plaintiff's counsel has not contributed to the delay in the proceedings. Rather, the record demonstrates that plaintiff's counsel has made every attempt to keep defense counsel and the Court apprised of plaintiff's status and the barriers that prevent plaintiff from leaving Saudi Arabia. Thus, the Court will not view the relevant factors with the more stringent standard that is appropriate when counsel is implicated in the dilatory conduct. *See Harmon*, 110 F.3d at 367.

should not have expended many resources in preparing for depositions that never took place. Nor have defendants even suggested that their counsel had prepped for any of the aborted depositions. Moreover, defendants have failed to explain why they need to depose plaintiff, again, given the fact that he was deposed at length in the prior action. Instead, defendants merely cite to the fact that, at the time, plaintiff agreed to continue the deposition. Without knowing what more defendants hope to cover in a continued deposition, the Court cannot say that defendants' efforts to defend the action have been substantially frustrated.

Further, while living under the cloud of unresolved litigation can have an adverse effect on any entity, even a public organization like a hospital, this burden is borne by all who must defend lawsuits filed against them. Defendants have failed to demonstrate that this burden has been exponentially increased by plaintiff's failure to timely submit to an additional deposition.[3] *See e.g., Schafer*, 529 F.3d at 739 (moving defendants failed to show that the adverse impact on their credit worthiness was the result of the inactivity of plaintiff's lawsuit). This factor weighs against dismissal.

*Warning and Prior Notice*

The Sixth Circuit has repeatedly "reversed district courts for dismissing cases because litigants failed to appear to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in

---

[3] In so ruling, the Court is mindful of the frustration on the part of defendants in that they have been unable to work toward a resolution of this matter. Indeed, the Court shares in their frustration, inasmuch as it does not appreciate it when cases languish on its docket. This concern will be addressed, at length, later in this Opinion and Order.

dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). *See Knoll*, 420 F.3d at 644. Adequate prior notice, therefore, is a key consideration in determining whether the sanction of dismissal is appropriate for the failure to prosecute. *See Schafer*, 529 F.3d at 737.

Defendants maintain that plaintiff was on notice that his conduct may lead to dismissal, and point to the Court's April 13, 2009, wherein the Court ordered plaintiff to show cause why his failure to appear at the four scheduled deposition should not subject him to sanctions, "up to and including dismissal of the case." (Doc. No. 29, Order, p. 2.) While the Court is entitled to consider all reasonable sanctions, including dismissal, for even the first instance of misconduct or dereliction by a party, this Order, filed after plaintiff failed to appear for his depositions, cannot be considered prior notice to plaintiff that his on-going need to reschedule his deposition may lead to dismissal. In light of the Court's finding that plaintiff did not engage in bad faith conduct, this third factor counsels against dismissal. *See Harmon*, 110 F.3d at 367 (quoting *Harris*, 844 F.2d at 1256) (citation omitted) (without prior notice that dismissal is contemplated, dismissal should be reserved for situations where the "derelict party has engaged in 'bad faith or contumacious conduct.'")

The final factor directs the Court to consider sanctions less drastic than dismissal. "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 589. *See Wu*, 420 F.3d at 644. Plaintiff proposes that a telephonic deposition would constitute an appropriate less drastic sanction. While a telephonic deposition may, if warranted in this case, solve the

immediate problem of plaintiff's inability to appear in person for his deposition, it does not constitute a sanction for past misconduct.

As will be explained below, the Court finds that, for now, there are other less drastic sanctions available to address plaintiff's continued inability to appear for his deposition, such as precluding him from relying in a dispositive motion or at trial on any matter that was not covered in his previous depositions. Consequently, this final factor weighs against dismissal.

A balancing of the four relevant factors leads to the conclusion that the extremely harsh sanction of dismissal is not warranted at the present time. Thus, for the reasons set forth above, defendants' motion to dismiss for failure to prosecute (Doc. No. 26 is **DENIED**.

Nonetheless, the Court has lingering concerns that plaintiff is now, and will continue to be in the future, unable to meaningfully participate in his case. Nearly a year has passed since this case was re-filed, and plaintiff still cannot provide this Court any reassurance that he will be able to leave Saudi Arabia in the near future to prosecute his claims. His "estimations" as to his likely departure dates have proved unreliable in the past, and he offers no support for his new projection of a July 2009 departure date. The Court is unwilling to let this case remain dormant indefinitely.

Consequently, the Court shall conduct a telephonic status conference with lead counsel and all parties, including plaintiff, on June 26, 2009, at 8:30 a.m. to discuss the future of this litigation. At the status conference, the parties and their counsel should be prepared to discuss new dates and deadlines that shall govern the remainder of this litigation.

Participants should also be prepared to edify the Court as to what discovery is still needed. With respect to plaintiff's continued deposition, the Court shall wait until defendants have apprised it of what additional areas need to be covered, before it makes a determination as to whether a telephone deposition would suffice. While telephonic depositions are appropriate and cost effective in certain circumstances, the Court has misgivings about allowing such a method for taking a party's deposition.

Even if a telephone deposition will solve the immediate problem posed by plaintiff's inability to leave Saudi Arabia, there is no doubt that plaintiff's continued absence will pose problems down the road. The Court envisions that it will be necessary for plaintiff to be present for future status and settlement conferences, the final pretrial conference, and, of course, the trial, if this action survives dispositive motions. Plaintiff is hereby on notice that once the Court files its Amended Case Management Plan and Trial Order it will not consider, absent extraordinary circumstances, further revisions to its deadlines based upon plaintiff's inability to leave Saudi Arabia. Further, if plaintiff fails to appear at any scheduled event for which his presence is required, the Court will consider the imposition of sanctions, up to and including dismissal, for his failure to prosecute this case.

**IT IS SO ORDERED**.

Dated: June 15, 2009

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**