IN THE UNITED STATES DISTRICT COURT
FOR THE NORTER DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. RAFAL A. BADRI, M.D.<br>Plaintiff, | ) CASE NO. 1:08-cv-01913<br>)<br>) |
| vs. | ) JUDGE SARA LIOI<br>) |
| HURON HOSPITAL, et al.<br>Defendants, | ) **MOTION TO QUASH**<br>) **DEPOSITION SUBPOENA OF**<br>)  **NON-PARTY DEBBIE**<br>) **MORGAN** |

NOW COMES Debbie Morgan, a non-party, by her Attorney, John B. Gibbons who moves this Court to quash the subpoena served upon her in connection with the above captioned action.

Movant represents that pursuant to the Federal Rules of Civil Procedure 45(C)(3)(A) the subpoena fails to allow Ms. Morgan a reasonable time for her as a non-party to attend the deposition scheduled on August 12, 2009.  A Memorandum in support of this Motion is attached hereto and incorporated herein.

Respectfully submitted,

s/ John B. Gibbons_____
John B. Gibbons (0027294)
Attorney for Non-Party,
Debbie Morgan
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
216-363-6086; 216-363-6075 (fax)
jgibbons4@sbcglobal.net

# MEMORANDUM IN SUPPORT

### I.  LAW & ARGUMENT

### A.  STANDARD OF REVIEW

It is well recognized that the right to discovery is not unlimited, and does have 'ultimate and necessary boundaries'.  <u>Allen v. Howmedica Leibinger, GmhH</u>. 190 F.R.D. 518 (W.D. Tenn. Nov. 22, 1999), *citing* Hickman v. Taylor, 329 U.S. 495, 497 (l947).  And in that regard, "[t]he trial court has the right to control the discovery schedule." <u>Hina v. Anchor Glass Container Corp</u>., 2008 U.S. Dist. LEXIS 41577 (S.D. Ohio May 22, 2008), referencing <u>Kennedy v. Cleveland</u>, 797 F.2d 297, 300-01 96th Cir. 1986).  Moreover, the power to quash a subpoena lies with the issuing court. *See*, Fed. R. Civ. P. 45(c)(3)(A).

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that a Court **must** quash a subpoena if: (1) it fails to allow reasonable time for compliance;....or (iv) subjects a person to undue burden.  Moreover, Rule 45(c)(3)(B)(i) provides that if the subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a Court may also quash a subpoena.

A subpoena fails to allow a reasonable time for compliance when such subpoena requires compliance in less than fourteen (14) days after service of the subpoena.  See Donahoo v. Ohio Dept. of Youth Services, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (Reasonable time for compliance is fourteen (14) days after service of the

subpoena). Thus, a court is required to quash a subpoena that fails to conform with Rule 45.

## B. PARTY-DEFENDANTS' SUBPOENA DOES NOT ALLOW FOR REASONABLE TIME FOR COMPLIANCE IN VIOLATION OF FED. R. CIV. P. 45(c)(3)(A)(i) MUST BE QUASHED AS A MATTER OF LAW

Defendant's subpoena does not afford the non-party Ms. Morgan with reasonable time for compliance and is in violation of Fed. R. Civ. P. 45(c)(3)(A)(i), and must be quashed as a matter of law.  The subpoena issued to Ms. Morgan is dated July 31, 2009 and was left at the home of Ms. Morgan. The subpoena was found by a worker providing yard care at Ms. Morgan's private residence and not by her.  Ms. Morgan was out of town and did not learn of or take possession of the subpoena until August 4, 2009.  The subpoena seeks to command the appearance of Ms. Morgan at a Deposition on August 12, 2009, which is nine (9) days after she received the subpoena.  The subpoena does not provide Ms. Morgan with a reasonable time, or 14 days as required by the case law and Federal Rules.  The failure of the Party-Defendants to provide Ms. Morgan with a reasonable time to comply requires that the Court quash the subpoena.  See, Fed. Civ. R. P. 45(c)(3)(A)(i), see also Donahoo, supra, see also Mann v. University of Cincinnati, 824 F. Supp. 1190, 1202 (S.D. Ohio 1993) where at was held that one week's notice seeking the disclosure of medical file was unreasonable and violated the rule as there was no urgency justifying such short notice.

Therefore, Party-Defendants' instant subpoena should be quashed as a matter of law.

### C. PARTY-DEFENDANT'S SUBPOENA IMPOSES AN UNDUE BURDEN UPON NON-PARTY DEBBIE MORGAN IN VIOLATION OF FED. R. CIV. P. 45(c)(3)(A)(i) AND MUST BE QUASHED AS A MATTER OF LAW.

Party-Defendants' subpoena imposes an undue burden upon Ms. Morgan in violation of Fed. R. Civ. P. 45(c)(3)(A)(iv), and must be quashed as a matter of law.  Even if the discovery sought through the testimony of Ms. Morgan is relevant, the existence of such testimony was a fact known to Party Defendants' at the beginning of the discovery process in this case and was known to them on the date of filing of the previously filed case.  Ms. Morgan testified in connection with the peer review matter, which counsel for the Party-Defendants personally attended.  The existence of Ms. Morgan and the potential for obtaining relevant testimony from her comes as no surprise to the Defendants.

In 2007, non-party Ms. Morgan's deposition was requested in the previously filed case by these same attorneys for Party-Defendants.  At that time, she was placed on "stand by" for several days while other depositions were taken. Ms. Morgan's deposition was noticed by counsel for the Party-Defendants and due to the extensive and exhaustive continuation of the Plaintiff's deposition by counsel for Defendants over a period of nineteen (19) hours and several days, her deposition was never taken in connection with the previously filed case.

Thus, it would be disingenuous at best for Party-Defendants to now claim they had no knowledge of Ms. Morgan's involvement in this case or of her knowledge of matters, which may be relevant to the issues in this case.

Plaintiff, Dr. Rafal A. Badri, M.D. was out of the country at the start of the discovery period. However, as this Court may recall, Ms. Morgan was in the Northern of Ohio District and available for deposition in connection with potentially relevant issues in this case. Morgan attended a pre-trial conference before this Court with Counsel for the Plaintiff and Defense. At that time and as reflected by the journal entry of the Court, she was in attendance because she holds a power of attorney for the Plaintiff.

Non-party Ms. Morgan is not an employee of Plaintiff Badri and contrary to suggestion of Defendant's counsel, she is also not an employee of counsel for the Plaintiff. Ms. Morgan is part owner of a medicolegal investigative firm, a fact disclosed to the Defendants' counsel during the 2005 peer review hearing process by Ms. Morgan.

Ms. Morgan travels extensively in connection with her employment. Morgan was previously scheduled to be in southern Ohio from July 29, 2009 to August 3, 2009 and from August 5 to 8, 2009. Additionally, Ms. Morgan has a combination business trip and vacation previously scheduled for the period of August 10 to 17, 2009.

If counsel for Defendants had a desire to take the deposition of Ms. Morgan in connection with this case, within a reasonable period of time, plans could have been made by her to accommodate the discovery schedule in this case.

In a spirit of cooperation with the Defendants' counsel, Ms. Morgan previously offered to make herself available shortly after her return from vacation, on or about August 21, 2009 or August 28, 2009.  Both of said dates were categorically rejected by counsel for the Defendants due to a non-expert discovery cut-off date of August 17, 2009.

The provisions of Civil Rules, were also known to counsel for the Defendants when he sought to compel Ms. Morgan's August 12, 2009 deposition appearance.  Defense Counsel was aware that this notice afforded her less than the fourteen (14) days from the date of service, or for that matter, from the date he signed the subpoena requesting her appearance on August 12, 2009.  Accordingly, Morgan was not afforded reasonable notice.

**D.    DEFENDANTS HAVE NOT PREVIOUSLY REQUESTED THE DEPOSITION TESTIMONY OF NON-PARTY MS. MORGAN IN CONNECTION WITH THIS MATTER IN SPITE OF A PREVIOUSLY SET NON EXPERT WITNESS DISCOVERY CUT OFF DATE OF 4/6/2009, SET BY THIS COURT ON OCTOBER 2, 2008**

As this Court is aware, the Case Management Conference called for the non-expert witness cut off date of April 6, 2009.  Prior to this discovery cut off date, Ms. Morgan's deposition was never sought by the Defendants in connection with the issues of this case.

The dates provided by counsel for the Plaintiff, Dr. Badri representing his availability for purposes of deposition, prior to the August 17, 2009 discovery cut off period were: August 7, 2007 in the

"pm", August 10, 2009 in the "am", August 11, 2009 in the pm and all day on August 12th and 13th, 2009.

As previously noted, Ms. Morgan orally advised Defense Counsel for the Plaintiff of her unavailability on these dates due to previously scheduled business commitments.  She further advised Defense of her vacation schedule for which she will begin traveling on August 9, 2009 and will not return to this area until August 17, 2009. As the previous discovery cut off date had long passed in April of 2009, Ms. Morgan had no reason to presume she would be called to testify at a deposition in connection with this case when she made business related  travel arrangements or a week of scheduled vacation during the months of July and August.

### E.    PARTY DEFENDANTS SEEK TO REQUIRE MS. MORGAN WHO IS NEITHER A PARTY NOR A PARTY'S OFFICER TO TRAVEL MORE THAN 100 MILES FROM WHERE SHE HAS BEEN PREVIOUSLY SCHEDULED TO TRANSACT BUSINESS IN PERSON

Ms. Morgan had been scheduled for several weeks to travel to Nashville and Boone, Tennessee on August 9, 2009 and did not contemplate returning to the Cleveland area prior to August 17, 2009. As previously noted, Ms. Morgan was scheduled to be in southern Ohio from the evening of August 5, 2009 through the morning of August 8, 2009.  This is not a vacation, but a trip scheduled in connection with her employment. There are several appointments she will be attending, all of which have been scheduled well in advance of any request by the Party Defendants for Ms. Morgan's

deposition.   Specifically, Ms. Morgan has appointments in Polaris, Lancaster, Galena, Columbus, Dayton, Cincinnati and Beavercreek, Ohio during this three-day period.

Thereafter, Ms. Morgan is then scheduled to depart for Nashville.  Once again, this trip was scheduled prior to any request for her deposition and she has scheduled meetings throughout a two-day period prior to Ms. Morgan departing for her previously scheduled vacation.

The Party-Defendants therefore, seek to command Ms. Morgan to travel in excess of 100 miles to attend the scheduled deposition on August 12, 2009.  If Party-Defendants had provided reasonable notice of the scheduling of the deposition to Ms. Morgan, this travel schedule might well have been altered in a timely fashion to permit a deposition of Ms. Morgan to take place, without undue burden placed upon her.

## CONCLUSION- REMEDY SOUGHT

For the foregoing reasons, non-Party Debbie Morgan's Motion to Quash the Notice of Deposition and subpoena of Debbie Morgan should be granted.  Ms. Morgan stands ready to submit to a Discovery Deposition after the completion of her business and/or vacation travels.

                Respectfully Submitted,

                S/John B. Gibbons_____
                John B. Gibbons
                Attorney for Non-Party
                Debbie Morgan

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, a copy of the foregoing Motion to Quash Deposition Subpoena of Non-Party Debbie Morgan was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Respectfully Submitted,

S/John B. Gibbons_____
John B. Gibbons
Attorney for Non-Party
Debbie Morgan